UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ERICK ESTEVEZ,
and other similarly-situated individuals,

    Plaintiff,

v.

PALM AVENUE MARATHON, INC.
DANNY'S FUEL, CORP. and
HENRY IZQUIERDO, individually

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ERICK ESTEVEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants PALM AVENUE MARATHON, INC., DANNY'S FUEL CORP. and HENRY IZQUIERDO individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff ERICK ESTEVEZ is a resident of Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

Page **1** of **14**

3. Corporate Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL are Florida corporations with place of business within the jurisdiction of this Court. At all times material hereto Defendants were and are engaged in interstate commerce.

4. The individual Defendant HENRY IZQUIERDO was and is now the owner and or director of the Corporations mentioned in paragraph # 3. **See composite Exhibit "A".**

5. All the action raised in this complaint took place in Broward and Dade County Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 01, 2010 (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.

7. Corporate Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL CORP. are gas stations and retail/beverage businesses.

8. Defendants employed Plaintiff ERICK ESTEVEZ as a gas station employee, from approximately July 20, 2010 to November 05, 2013. Plaintiff was a non-exempt hourly employee and he was paid an average of $8.00 an hour.

9. Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL (hereinafter collectively called PALM STATIONS or Defendants) are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

10. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL are a joint enterprise because: 1) the companies have the same commercial activity 2) there was common ownership, 3) Between Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL existed unified operation and common control because the individual Defendant HENRY IZQUIERDO controlled the day to day operations of the business. 3) Defendants shared a common business purpose, the profitable operation of PALM STATIONS.

11. Pursuant 29 C.F.R. §791.2., PALM AVENUE MARATHON, INC., and DANNY'S FUEL were joint employers because: 1) Individual Defendant HENRY IZQUIERDO had absolute control over the employees of PALM STATIONS; 2) The same individual Defendant assigned duties and schedules to PALM STATIONS' employees; 3) The same individual Defendants hired, fired, and determined the working conditions of all the employees of PALM STATIONS; 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of PALM STATIONS.

12. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants are the joint employers of Plaintiff and other similarly situated employees under the FLSA' broad definition of "employer", (29 U.S.C. §203 (d)), and are jointly liable for Plaintiff's damages.

13. Plaintiff ERICK ESTEVEZ and all others similarly situated individuals were victims of Defendants' common policy and practices which enabled them to violate the minimum wage and overtime provisions of the Fair Labor Standards Act.

14. During his employment period with Defendants, Plaintiff worked an average of Fifty Six (56) hours per week.  However, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40). He was paid at his regular rate in violation of FLSA provisions.

15. Defendants did not have any accurate time-keeping method. Plaintiff and other similarly situated employees were paid with checks that were not accompanied by any paystubs or records providing information regarding any accounting of hours worked, classification of the employee's labor, or withholdings of employment taxes. Plaintiff was paid with check for just 15 hours, the remaining hours were paid in cash.

16. Plaintiff seeks to recover any unpaid half-time overtime, for every overtime hour that he worked, and that never were paid to him, and any other remedy allowable by law. Additionally, Plaintiff demands the payment of one entire week of work that was not paid to him.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This cause of action is brought by Plaintiff ERICK ESTEVEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 01, 2012, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL (collectively called PALM STATIONS or Defendants are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2, as such they are jointly liable for Plaintiff's damages.

21. Defendants were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendants are simultaneously gas stations and retail/food beverage businesses, and are engaged in interstate commerce. Defendants use the instrumentalities of interstate commerce. Defendants have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per

annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce as gas station employees providing services and support to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

23. Defendants employed plaintiff ERICK ESTEVEZ as a non-exempt hourly gas station employee from approximately July 20, 2010 to November 05, 2013. Plaintiff's hourly rate was an average of $8.00 an hour.

24. During his time of employment with Defendants, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours weekly without being compensated at the rate of time and one half of his regular rate of pay for every hour in excess of forty.

25. Particularly, Plaintiff ERICK ESTEVEZ worked an average of 56 hours every week. However, Plaintiff was paid for overtime hours at his regular rate, Defendants failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

26. Plaintiff and other similarly situated employees were paid with checks. The checks were not accompanied by any paystubs or records providing accurate information regarding accounting for hours worked, or classification of the employee's labor, and withholdings

of employment taxes. Additionally, Plaintiff was paid with check for just 15 hours, the remaining hours were paid in cash.

27. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time records of hours worked by Plaintiff and other employees.

28. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

29. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Calculations have been made according to the FLSA statute of limitations from May 20, 2011 to November 05, 2013.

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Eight Thousand Three Hundred Eighty Four Dollars and 00/100 ($8,384.00)

    b. <u>Calculation of such wages</u>:
       Relevant weeks of employment: 128 weeks
      Total number of hours worked: 56 hours weekly
      Total number or paid hours: 56 hours
      Total number of overtime hours: 16 hours
      Regular rate: $8.00 an hour x 1.5 = $12.00 O/T rate
      O/T rate $12.00-$8.00 O/T rate paid = $4.00 O/T difference

        I.   16 O/T hours x $4.00 O/T rate difference=$64.00 x 128 week=$8,192.00
        II.  16 O/T hours paid at $0.00 (1 unpaid workweek)
           $12.00 O/T rate x 16 hours =$192.00
           Total Overtime: $8,384.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

30. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

31. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

32. At the times mentioned individual Defendant HENRY IZQUIERDO was the director/owner of PALM STATIONS. Defendant HENRY IZQUIERDO  was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of corporate Defendants in relation to the employees of Defendants, including Plaintiff and others similarly situated.  Defendant HENRY IZQUIERDO had operational control of both corporations, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

33. Defendants PALM STATIONS and HENRY IZQUIERDO willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the

United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

34. Plaintiff seeks to recover his unpaid overtime wages accumulated during his time of employment with Defendants as allowable by law.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ERICK ESTEVEZ and other similarly-situated individuals and against the Defendants PALM STATIONS and HENRY IZQUIERDO on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ERICK ESTEVEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:

**FAILURE TO PAY MINIMUM WAGE**

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

37. Defendants PALM AVENUE MARATHON, INC., and DANNY'S FUEL (collectively called PALM STATIONS or Defendants are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2, as such they are jointly liable for Plaintiff's damages.

38. Defendants were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendants are simultaneously gas stations and retail/food beverage businesses, and are engaged in interstate commerce. Defendants use the instrumentalities of interstate commerce. Defendants have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources,  by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

39. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce as gas station employees providing services and

support to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

40. This action is brought by Plaintiff ERICK ESTEVEZ and those similarly-situated to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

41. Defendants employed plaintiff ERICK ESTEVEZ as a non-exempt hourly gas station employee from approximately July 20, 2010 to November 05, 2013. Plaintiff's hourly rate was an average of $8.00 an hour.

42. During Plaintiff ERICK ESTEVEZ'S relevant employment period, he was paid $8.00 an hour; Plaintiff worked an average of 56 hours weekly. However, during his employment time Plaintiff was not paid at all for one week of work. Plaintiff was not paid minimum wages for 56 hours. There are a substantial number of hours that were not paid at the minimum wage as established by law.

43. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class, since management did not keep any time-keeping method.

44. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

45. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

    Four Hundred Six   Dollars and 00/100 ($406.00)

    b. <u>Calculation of such wages</u>:
       Total weeks of employment:  60 weeks
       Relevant weeks of employment:  1 weeks
       Total number of hours worked:  56 hours weekly
       Total number of unpaid hours: 56

       Federal Minimum Wage 2010/2013:  $7.25

       $7.25 Min. wage rate x 56 unpaid hrs.= $406.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents unpaid Federal minimum wages.

46. Plaintiff was not paid for a substantial number of hours during the relevant period. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff.

47. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act

and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At the times mentioned individual Defendant HENRY IZQUIERDO was the director/owner of PALM STATIONS. Defendant HENRY IZQUIERDO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of corporate Defendants in relation to the employees of Defendants, including Plaintiff and others similarly situated. Defendant HENRY IZQUIERDO had operational control of both corporations, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

49. Defendants PALM STATIONS and HENRY IZQUIERDO willfully and intentionally refused to pay Plaintiff ERICK ESTEVEZ and all other similarly situated employees, minimum wages as required by the law of the United States and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff and other similarly situated employees seek to recover for minimum wage violations accumulated for the relevant time of employment and/or from 3 (three) years from the date of the filing of this complaint.

51. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ERICK ESTEVEZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ERICK ESTEVEZ and other similarly-situated and against the Defendants PALM STATIONS and HENRY IZQUIERDO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff ERICK ESTEVEZ actual damages in the amount shown to be due for unpaid minimum wages for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ERICK ESTEVEZ demands trial by jury of all issues triable as of right by jury.

DATED: May 21, 2014

    Respectfully submitted,

    By: **/s/ Zandro E. Palma**
    ZANDRO E. PALMA, P.A.
    Florida Bar No.: 0024031
    3100 South Dixie Highway
    Suite 202
    Miami, FL 33133
    Telephone: (305) 446-1500
    Facsimile:  (305) 446-1502
    zep@thepalmalawgroup.com
    *Attorney for Plaintiff*